IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CARLOS D. LINDSEY,

                        Plaintiff,                                    ORDER

        v.
                                                              14-cv-166-jdp
LIEUTENANT DANE ESSER, and
CORRECTIONAL OFFICER RUNICE,

                        Defendants.

Pro se prisoner Carlos Lindsey is proceeding on claims that he was sexually assaulted by prison staff during a strip search. In a July 22, 2014 order, I granted plaintiff leave to proceed on claims against defendants Lieutenant Dane Esser and Correctional Officer Runice. Plaintiff then filed an amended complaint, in part adding claims against Warden Hermans and Security Director Jerome Sweeney for failing to protect him from Esser. I allowed plaintiff to proceed on these claims in an April 14, 2015 order, over objections from the state that adding new claims would make it very difficult to meet the original dispositive motions deadline. Dkt. 30. Instead, I adjusted the schedule to extend various deadlines, including the dispositive motions deadline. *Id*.

However, immediately following that order, plaintiff filed a motion to voluntarily dismiss Hermans and Sweeney from the case, stating that defendants' briefing on his motion to amend the complaint persuaded him that he had not exhausted his administrative remedies with regard to his claims against those defendants. Dkt. 33. In an April 16, 2015 order, I granted that motion.

Currently before the court are two new motions filed by plaintiff. First, plaintiff has filed a motion I construe as a motion to amend his complaint to reinstate his claims against Hermans and Sweeney. Dkt. 41. Plaintiff states that he submitted his motion to dismiss these defendants

before receiving the court's April 14, 2015 order. I have no reason to doubt that the court's order crossed in the mail with plaintiff's motion, but that is not in itself a reason to grant plaintiff's motion. Plaintiff now says that he did in fact exhaust his administrative remedies, but he does not explain why this is so, other than to state that he was mistaken and suggest that this court's order allowing him to proceed on his claims against Hermans and Sweeney has in some way rejected the state's objection to adding these defendants based on plaintiff's failure to exhaust those claims.

If plaintiff believes that this court has made a determination about the exhaustion of the claims in question, he is incorrect. The April 14 order set an April 24, 2015 deadline for defendants to file an exhaustion motion regarding the newly added claims. That date has come and gone without any attempt at resolution of the exhaustion issue because plaintiff voluntarily dismissed his claims against Hermans and Sweeney. It is simply too late for plaintiff to add those claims back into the case at this late date while keeping with the already-amended schedule meant to accommodate plaintiff's previous amendment to the complaint. Although I acknowledge that litigating a civil action pro se is not an easy task, I conclude that it would prejudice defendants to amend the schedule any further to reinstate claims that plaintiff had previously chosen to dismiss. Accordingly, I will deny plaintiff's motion to amend the complaint. The case will proceed on plaintiff's claims against defendants Esser and Runice.

Plaintiff has also filed a motion to direct defendants to respond to his discovery requests within a 15-day period rather than the standard 30-day period. Dkt. 40. Plaintiff argues that without such an order, he will not receive discovery materials in time to file a dispositive motion by the June 15, 2015 deadline. From the discovery requests that plaintiff has submitted to the court, I understand his discovery requests to have been made in early May, which means that plaintiff would likely receive responses no later than early to mid June. This may leave plaintiff

with only a short time to incorporate relevant materials into his summary judgment motion. Although I will urge defendants to respond to plaintiff's requests quickly so that the relevant issues can be addressed as thoroughly as possible in the summary judgment phase, I see no reason to order a shorter timeline for their responses. This tight timeframe is the result of plaintiff's decision to file his discovery requests so close to the deadline. In any event, it seems unlikely that plaintiff's brief-in-chief in support of his summary judgment motion will be his last opportunity to address the important issues in this case. Not only will he be given a chance to file a reply brief on his summary judgment motion, but it is likely that defendants will file their own motion for summary judgment, to which plaintiff will be able to respond.

ORDER

IT IS ORDERED that:

1. Plaintiff Carlos Lindsey's motion to amend the complaint to reinstate his claims against Warden Hermans and Security Director Jerome Sweeney, Dkt. 41, is DENIED.

2. Plaintiff's motion to direct defendants to respond to his discovery requests within 15 days, Dkt. 40, is DENIED.

Entered May 8, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge